On July 30th, 1927, complainant and defendant entered into a contract whereby defendant agreed to purchase certain premises for $9,500. $1,500 was to be paid on or before the signing of the contract and $7,500 was to be paid by taking the premises subject to a mortgage. $500 was to be paid at the closing of title which was set for the 1st day of November, 1927. The contract provided that between the making of the contract and closing of title, defendant was to occupy these premises as tenant and to pay $75 per month. The contract further provided that principal, interest and taxes on the mortgage were to be paid at the rate of $75 per month.
Defendant did not pay the $500 on the 1st day of November, nor at any other time and the title was never closed. Defendant continued to occupy the premises and to pay the *Page 590 
sum of $75 per month until July, 1930, and thereupon complainant started a suit of dispossession for two months' rent. This suit was settled by the payment of the $150 then due.
Later, in November, 1930, defendant brought an action at law for an alleged breach of the contract of sale and this suit is still pending. A year later, in November, 1931, complainant filed the present suit for specific performance. It will be seen from the foregoing statement of facts that defendant originally broke the agreement of sale by failing to consummate it on the date title was to be closed, namely, November 1st. He continued apparently, for the time being, by the acquiescence of both parties as a tenant at sufferance. Moore v. Smith,56 N.J. Law 446. The contract of lease and the contract of sale were distinct under the rule laid down in Nestal v. Schmid,39 N.J. Law 686.
During all this time and up and until November, 1930, the conduct of the parties would indicate that although defendant had been in default for nearly three years, by mutual acquiescence the contract was considered by them to be still in effect. However, the condition radically changed at this latter date when defendant brought suit at law for alleged breach of contract of sale. This certainly was a notice to complainant that defendant did not consider the contract as then subsisting and was further notice that defendant did not intend to consummate the sale. As I understand the rule as laid down in the cases of Ketcham v.Owen, 55 N.J. Eq. 344; Agens v. Koch, 74 N.J. Eq. 528, andStorch v. Tepperman, 99 N.J. Eq. 48, "a bill for specific performance for the sale of land must be promptly filed after a definite refusal to perform." I cannot read the institution of the action at law in November, 1930, as being anything except such a refusal. Complainant waited for a year before beginning this suit and I find that he has been guilty of such laches as bars him to the equitable relief of specific performance.
A decree will be advised dismissing the bill. *Page 591